Mordechai Wolowitsch, CA # 324413
CONSUMER ATTORNEYS.
68-29 Main Street,
Flushing, NY 11367
T:(718) 701-0692
E: Mwolowitsch@consumerattorneys.com

*Attorneys for Plaintiff*
*Karina Luzanilla*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

KARINA LUZANILLA,                          Case No.: 2:26-cv-01179

                    Plaintiff,

vs.

                                           **JURY TRIAL DEMANDED**

THE RETAIL EQUATION, INC.,

                    Defendant.

**COMPLAINT**

Plaintiff Karina Luzanilla ("Plaintiff"), by and through the undersigned counsel, brings this action on an individual basis, against The Retail Equation, Inc., ("TRE") and states as follows:

**INTRODUCTION**

1.     This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PARTIES

2.     Plaintiff Karina Luzanilla ("Plaintiff") resides in Long Beach, California, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.     Defendant The Retail Equation, Inc. ("TRE") is a consumer reporting agency and software analytics company headquartered in Irvine, California, USA, with its principal and mailing address at 6430 Oak Canyon Suite 250, Irvine, CA 92618. TRE is authorized to do business in the State of California, including within this District.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTS

**Denial of Plaintiff's Application for Refund**

6.     On April 1, 2025, Plaintiff went to an AutoZone retail location to return merchandise and obtain a refund.

7.     Plaintiff sought to return some merchandise, specifically car battery equipment, she no longer needed.

8.     AutoZone utilized consumer reports, generated by Defendant, to determine a customer's eligibility for refunds.

9.     AutoZone declined to accept Plaintiff's returned merchandise and

provide a refund, citing Plaintiff engaged in too many returns and exchanges.

10.     AutoZone's customer service representative advised Plaintiff to obtain a copy of her Retail Activity Report ("RAR") from Defendant to understand the reason AutoZone denied accepting the return and refunding Plaintiff's money.

**Defendant TRE Reports Inaccurate Return Activity Associated with Plaintiff**

11.     Plaintiff obtained from a copy of her April 2, 2025 RAR, listing all of her transactions with AutoZone over a two-year period from the date of the report.

12.     Plaintiff's April 2, 2025 RAR encompassed 497 pages and stated AutoZone refunded Plaintiff $43,890.23 for merchandise while refusing to refund another $129,223.96 for merchandise.

13.     Furthermore, the April 2. 2025 RAR claimed that Plaintiff made returns in California, Colorado, Nevada, Arizona, Virginia, Indiana, Utah, and Texas.

14.     Plaintiff did not engage in the volume or pattern of return activity reflected in Plaintiff's RAR.

15.     Plaintiff did not initiate, authorize, or participate in return transactions in those states, and the volume, frequency, and multi-state distribution of the reported activity were inconsistent with Plaintiff's actual consumer behavior and physical presence

16.     The denial caused Plaintiff confusion, distress, and embarrassment because it was inconsistent with her actual return history and falsely suggested improper consumer behavior.

17. Defendant's reporting misassociated Plaintiff with extensive and improper return activity, falsely characterizing her as a high-risk or abusive return customer.

18. In reality, Plaintiff only made approximately two or three returns to AutoZone during that two-year period.

**Plaintiff's Dispute Regarding the Inaccurate Reporting May-June 2025**

19. On May 14, 2025, Plaintiff, in writing, disputed the April 2, 2025 RAR with Defendant and requested her Retail Activity Report for the Home Depot.

20. Defendant responded to the dispute that Plaintiff should disregard the April 2, 2025 RAR.

21. Defendant explained that the April 2, 2025 RAR was associated with her because an AutoZone employee incorrectly entered her driver's license number during her return transaction, associating her account and driver's license with the April 2, 2025 RAR.

22. On May 24, 2025, Plaintiff received from Defendant her RAR for transaction with the Home Depot (the "May 24, 2025 RAR").

23. Upon review, the May 24, 2025 RAR reported 12 pages of transactions; listing that Plaintiff refunded 53 items, totaling $3,327.86, and the Home Deport refused 263 refunds, totaling $26,267.62.

24. Plaintiff did not engage in excessive, abusive, or atypical return activity.

25. Plaintiff attempted to return an item purchased from the Home Depot,

on May 23, 2025, but the Home Depot refused to complete the transaction.

26. In a letter, dated May 29, 2025, Plaintiff disputed all 3,957 transactions on the April 2, 2025 RAR with Defendant.

27. However, Defendant failed to respond to Plaintiff's dispute.

28. In a letter, sent on June 26, 2025, and delivered to Defendant on July 8, 2026, Plaintiff disputed again the April 2, 2025 RAR and disputed, for the first time, the May 24, 2025 RAR.

**Defendant's Unreasonable Dispute Reinvestigation**

29. Defendant, via email, responded, on July 9, 2025, to Plaintiff's dispute letter, dated June 26, 2025, requesting the transaction ID number.

30. Plaintiff responded to Defendant, via email, with the request information and requested Defendant provide an update on the investigation.

31. Defendant failed to provide Plaintiff with the results of the reinvestigation.

32. Despite Plaintiff's compliance and the information already in Defendant's possession, Defendant failed to conduct a reasonable reinvestigation.

33. On November 17, 2025, Plaintiff attempted to complete a return and refund at an AutoZone retail location, located at 3605 South Street, Long Beach, CA 90805.

34. AutoZone's employee refused to process the return and refund, citing that AutoZone's system would not accept her return and process her refund per

information provided from Defendant.

35.    Furthermore, AutoZone refused to provide requested information to Plaintiff to dispute the return and refund with Defendant.

36.    Instead of correcting the inaccurate reporting in full, Defendant continued to associate Plaintiff with return transactions that did not belong to her, after Plaintiff had originally disputed return transactions erroneously attributed to Plaintiff.

37.    Defendant failed to adequately review all relevant information provided by Plaintiff in support of her disputes.

38.    Defendant failed to conduct a reasonable reinvestigation of Plaintiff's multiple disputes.

39.    Thereafter, Defendant failed to correct or delete inaccurate information reported in Plaintiff's reports.

40.    Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputes tendered on May 14, 2025 and June 26, 2025, or any reinvestigation whatsoever, to determine whether the disputed information is inaccurate and record the current status of the disputed information, in violation of 15 U.S.C. § 1681i(a)(1)(A).

41.    Plaintiff reasonably believes that Defendant continued to publish that Plaintiff remained associated with unauthorized return activity, despite Plaintiff's disputes she originally contested.

42.     As a result of Defendant's continued inaccurate reporting, Defendant made it practically impossible for Plaintiff to complete legitimate retail transactions or obtain refunds to which she was otherwise entitled and exposed her to continued denials by retailers that utilize Defendant's report.

43.     At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

44.     At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

45.     Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Defendant's violations of the FCRA are willful.

46.     As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss of the ability to complete legitimate retail transactions and obtain refunds to which she was otherwise entitled; detriment to her consumer standing and reputation as a retail customer; the expenditure of substantial time, effort, and labor and effort disputing and trying to correct the inaccurate return activity maintained and disseminated by Defendant; and emotional distress,

including mental and emotional pain, anguish, humiliation, embarrassment, frustration, and anxiety resulting from repeated denials and the implication that she had engaged in improper or abusive return behavior.

## COUNT I
## 15 U.S.C. § 1681e(b)
## Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
## (Against Defendant TRE)

47.    Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

48.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

49.    Defendant's conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

50.    Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

//

## COUNT II
## 15 U.S.C. § 1681i
## Failure to Perform a Reasonable Reinvestigation
## (Against Defendant TRE)

51. Plaintiff repeats and realleges the foregoing allegations as if set forth in full herein.

52. Defendant violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigation(s) of Plaintiff's dispute(s) after Plaintiff notified them that, contrary to what was reported in Plaintiff's file, she was not deceased, and by failing to maintain reasonable procedures to investigate Plaintiff's dispute(s).

53. Defendant's conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54. Plaintiff is entitled to recover attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.


Dated: February 5, 2026                    /s/ *Mordechai Wolowitsch*
                                           Mordechai Wolowitsch, CA # 324413
                                           CONSUMER ATTORNEYS
                                           68-29 Main Street,
                                           Flushing, NY 11367
                                           T:(718) 701-0692
                                           E: mwolowitsch@consumerattorneys.com

                                           *Attorneys for Plaintiff*
                                           *Karina Luzanilla*